IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MUSEAU EVENS,<br>　　　　*Plaintiff* | §<br>§<br>§ | |
| | § | SA-23-CV-00960-XR |
| -vs- | §<br>§ | |
| RAJ TRUCKING, LLC, JOHNNY<br>DWIGHT CULVER,<br>　　　　*Defendants* | §<br>§<br>§<br>§ | |

**ORDER**

On this date, the Court considered Defendants' Motion for Leave to Designate Responsible Third Parties (ECF No. 18) and Plaintiff's response (ECF No. 20). After careful consideration, the motion is **GRANTED**.

**BACKGROUND**

On or about April 28, 2023, Plaintiff's commercial vehicle experienced mechanical problems while driving westbound on I-10 in Guadalupe County, Texas. ECF No. 22 ¶¶ 5, 15. As a result, he pulled to the side of the highway where his vehicle stalled completely. *Id.* ¶¶ 16–17. Thereafter, Defendant Johnny Culver allegedly failed to maintain his commercial vehicle in the lane of travel or at a safe rate of speed. *Id.* ¶¶ 18–19. In turn, Defendant Culver's vehicle allegedly struck Plaintiff's vehicle, injuring Plaintiff. *Id.* ¶¶ 20–21.

At the time, Defendant Culver was a professional commercial driver employed by Defendant Raj Trucking, LLC. *Id.* ¶ 12. Plaintiff alleges that Defendant Culver was operating the vehicle within the scope of his employment with Defendant Raj Trucking. *Id.* ¶¶ 13–14. Moreover, Plaintiff alleges that Defendant Raj Trucking failed to "[a]dopt and enforce policies and procedures to ensure that its drivers operated its vehicles in a safe manner;" "[t]rain its drivers;" "[a]dopt and

1

enforce policies and procedures to ensure that its drivers complied with [Federal Motor Carrier Safety Regulations];" and "[e]nsure that drivers were qualified by reason of training and experience to operate its commercial vehicles safely." *Id.* ¶ 22.

On February 5, 2024, Defendant Culver and Defendant Raj Trucking (collectively, "Defendants") filed a motion to designate responsible third parties pursuant to Tex. Civ. Prac. & Rem. Code § 33.004, seeking to designate (1) Plaintiff's co-driver Jean Louisma; (2) the owner of Plaintiff's vehicle, Lake Logistics, Inc.; and (3) the entity of whose behalf Plaintiff was operating the vehicle, DK Maxing Trucking, Inc. ECF No. 18 ¶ 4. On February 19, 2024, Plaintiff filed objections to Defendants' motion, arguing that "Defendants have not satisfied the pleading requirements of Tex. Civ. Prac. & Rem. Code § 33.004(g) and the Texas Rules of Civil Procedure." ECF No. 20 ¶ 13.

## DISCUSSION

**I.  Legal Standard**

Texas Civil Practice and Remedies Code Section 33.004 provides, in relevant part:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
. . . .
(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.
(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
>   (1) the defendant did not plead sufficient facts concerned the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

2

>>(2) after having been granted leave to replead the defendant failed to plead sufficient facts concerned the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.
>>. . . .
>(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:
>>(1) does not by itself impose liability on the person; and
>>(2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

TEX. CIV. PRAC. & REM. CODE § 33.004.

A "responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. *Id*. § 33.011(6). A defendant is "any person from whom, at the time of the submission of the case to the trier of fact, a claimant seeks recovery of damages." *Id*. § 33.011(2). Although § 33.011(6) states that a responsible third party is "any person," that person must necessarily be a third party to the case, and not an existing defendant. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 865 (Tex. 2009) (restricting the designation of responsible third party to those "who ha[ve] not been sued by [the] claimant" (citing TEX. CIV. PRAC. & REM. CODE § 33.004(a))). However, courts have permitted the designation of third-party defendants as responsible parties. *See N. Cypress Med. Ctr. Operating Co. v. Gallagher Benefit Servs., Inc.*, No. 11-CV-685, 2013 WL 1736764, at *2 (S.D. Tex. Apr. 22, 2013) ("Additionally, nothing in Chapter 33 precludes Kanawha, as a third party defendant in this lawsuit, from also being designated as a responsible third party." (citing *Ross v. Kia Motors Corp.*, No. 5-CV-381, 2005 WL 3359750, at *2 (E.D. Tex. Dec. 9, 2005))); *Gilbert v. Outback Steakhouse of Fla., Inc.*, No. 6-CV-7, 2006 WL 8445476, at *3–4 (E.D. Tex. May 16, 2006) (same).

**II.     Analysis**

Plaintiff challenges the designations as to these claims under § 33.004(g)(1), asserting that Defendants did not allege sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure with respect to Jean Louisma, Lake Logistics, Inc., and DK Maxing Trucking, Inc.'s responsibility. ECF No. 20. Specifically, Plaintiff premises its opposition on three bases. First, according to Plaintiff, Defendants have failed to allege that Jean Louisma, Lake Logistics, Inc., and DK Maxing Trucking, Inc. owed a legal duty to train or instruct Plaintiff on motor vehicle inspections, maintenance, operations, safety, FMCSR compliance, and hazard warnings. *Id.* ¶ 14 (citing *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022)). Further, Plaintiff contends Defendants have not alleged "any facts that establish how, when, or why Jean Louisma, Lake Logistics, Inc. or DK Maxing Trucking, Inc. breached their duty, if any, in this lawsuit." *Id.* ¶ 17. Third, Plaintiff contends, in any event, Defendants allegations are inaccurate and misleading as the video Defendants rely upon allegedly contradicts those allegations. *Id.* ¶¶ 19–23.

To designate responsible third parties, Defendants need only "plead sufficient facts . . . to satisfy the pleading requirement of the Texas Rules of Civil Procedure," TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1), which "is not a high threshold." *E.g., Brown v. M & N Eaves*, No. 21-CV-959, 2023 WL 359497, at *5 (quoting David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 888 (2005)); *see* TEX. R. CIV. P. 47(a) (requiring "a short statement of the cause of action sufficient to give fair notice"). Texas is a "notice pleading" state. *Brown*, 2023 WL 359497, at *2 (internal quotation marks omitted). And Defendants must only allege that Jean Louisma, Lake Logistics, Inc., and DK Maxing Trucking, Inc. "contributed to causing in *any way* the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE § 33.011 (emphasis added). Moreover, "'the Court is not permitted to engage in an analysis of the truth of the

4

allegations or consider evidence on the party's ultimate liability' when evaluating the sufficiency of the facts under Section 33.004." *McDevitt v. Wal-Mart Stores Texas, LLC*, No. CV SA-11-CA-838-XR, 2012 WL 13145552, at *3 (W.D. Tex. June 12, 2012) (quoting *Nationwide Lloyds Ins. Co. v. Norcold, Inc.*, No. A-09-CA-113 LY, 2009 WL 3381523, at *2 (W.D. Tex. Oct. 19, 2009)).

In assessing whether Defendants have alleged sufficient facts, the Court will turn to Defendants' answer, Plaintiff's first amended complaint, and Defendants' motion for leave to designate responsible third parties. *See McDevitt*, 2012 WL 13145552, at *3 ("To determine if a defendant has pled sufficient facts, courts look at allegations in a defendant's answer and/or counterclaim; a defendant can also point to allegations in a plaintiff's pleading that demonstrate responsibility of a third party."); *In re Windstar Trucking, LLC*, 657 S.W.3d 474, 483 (Tex. App.—El Paso Aug. 26, 2022, orig. proceeding) (holding that courts have "looked to the motion for leave to measure compliance with the pleading requirement").

In Defendants motion to designate responsible third parties, Defendants state that video produced by Plaintiff shows "the Accident took place at a time and location when there was little to no sunlight. Further, despite these conditions, the video does not appear to show that Plaintiff placed any warning and/or hazard signs for other motorists on the road to alert them to the presence of Plaintiff's vehicle." ECF No. 18 ¶ 3. Defendants then assert that the vehicle was (1) co-driven by Jean Louisma, (2) owned by Lake Logistics, Inc., and (3) was operated on behalf of DK Maxing Trucking, Inc. *Id.* ¶ 4. Defendants then allege these parties "trained and/or instructed Plaintiff on motor vehicle inspections, maintenance, operations, safety, FMCSR compliance, and hazard warnings, and Plaintiff was following the Third Parties' training and procedures at the time of the Accident." *Id.* Contrary to Plaintiff's contentions, these statements meet the low threshold applied

here and are enough for Plaintiff "to ascertain the nature, basic issues, and type of evidence that would be relevant." *McDevitt*, 2012 WL 13145552, at *3.

Moreover, though Plaintiff contends that the video contradicts Defendants' allegations, "'the Court is not permitted to engage in an analysis of the truth of the allegations or consider evidence on the party's ultimate liability' when evaluating the sufficiency of the facts under Section 33.004." *Id.* (quoting *Nationwide*, 2009 WL 3381523, at *2).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Designate Third Parties (ECF No. 18) is **GRANTED**.

It is so **ORDERED**.

**SIGNED** this 8th day of April, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE